IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

APR 1 4 2026

CLERK OF COURT OF WESTERN DISTRICT
OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 26-11 Erie |
| | ) | **[UNDER SEAL]** |
| ELIZABETH GOSS | ) | |

## **INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. **THE INDICTMENT**

A federal grand jury returned a five-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-4 | Wire Fraud<br>May 31, 2021 (Count One)<br>July 26, 2021 (Count Two)<br>August 27, 2021 (Count Three)<br>August 30, 2021 (Count Four) | 18 U.S.C. § 1343 |
| 5 | Theft of Public Money<br>From in and around June 2020,<br>to in and around February 2023 | 18 U.S.C. § 641 |

## II. ELEMENTS OF THE OFFENSES

**A.      As to Counts 1 through 4:**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, or willfully participated in such a scheme with knowledge of its fraudulent nature.

2.      That the defendant acted with the intent to defraud.

3.      That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

**B.      As to Count 5:**

In order for the crime of Theft of Public Money, in violation of 18 U.S.C. § 641, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the money or property described in the Indictment belonged to an agency of the United States.

2.      That the defendant embezzled, stole, purloined or knowingly converted to her own use or the use of another property as described in the Indictment, without authority to do so and with the knowledge that the property belonged to another.

3.     That the stolen or converted property of the United States was valued in excess of $1,000.00 to prove a felony. If the stolen or converted property was valued at less than $1,000.00, the offense is a misdemeanor.

### III.  PENALTIES

**A.     As to Counts 1 through 4:  Wire Fraud (18 U.S.C. § 1343):**

1.     Imprisonment of not more than twenty (20) years.

2.     A fine not more than the greater of:

(1)     $250,000 (18 U.S.C. § 3571(b)(3)).

<u>or</u>

(2)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18U.S.C. § 3571(d)).

3.     A term of supervised release of not more than three (3) years. (18 U.S.C. § 3583, 3559).

4.     Any or all the above.

**B.     As to Count 5:  Theft of Public Money (18 U.S.C. § 641):**

1.     Imprisonment of not more than ten (10) years.

2.     A fine not more than the greater of:

(1)     $250,000 (18 U.S.C. § 3571(b)(3)).

<u>or</u>

(2)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the

defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18U.S.C. § 3571(d)).

3. A term of supervised release of not more than three (3) years. (18 U.S.C. § 3583).

4. Any or all the above

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Five, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A and 3664.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013